IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23 CV-00061-GNS

ANGELA GOODMAN, Individually and as        PLAINTIFFS
Next Friend of I.G., a minor child

AND

PATRICK GOODMAN, Individually and as
Next Friend of I.G., a minor child

VS.        **AMENDED COMPLAINT**

PENSKE TRUCK LEASING CO., L.P.,        DEFENDANTS

    SERVE:      Penske Truck Leasing Co., L.P.,
                     c/o Hon. Palmer G. Vance, II
                     STOLL KEENON OGDEN, PLLC
                     300 West Vine Street, Suite 2100
                     Lexington, Kentucky 40507
                     *Via Certified Mail*

PENSKE LOGISTICS, LLC, AND

    SERVE:      Penske Logistics, L.P.
                     c/o/ Hon. Palmer G. Vance, II
                     STOLL KEENON OGDEN, PLLC
                     300 West Vine Street, Suite 2100
                     Lexington, Kentucky 40507
                     *Via Certified Mail*

ERIC L. KLEAN

    SERVE:      Eric L. Klean
                     c/o Hon. Palmer G. Vance, II
                     STOLL KEENON OGDEN, PLLC
                     300 West Vine Street, Suite 2100
                     Lexington, Kentucky 40507
                     *Via Certified Mail*

                     **    **     **     **     **     **

Come the Plaintiffs, Angela Goodman, Individually and as Next Friend of I.G., a minor child, and Patrick Goodman, Individually and as Next Friend of I.G., a minor child, and for their cause of action herein state as follows:

### PARTIES

1. Plaintiff, Angela Goodman, is and was at all material times an adult citizen and resident of Munfordville, Hart County, Kentucky.

2. Angela Goodman is the mother and Next Friend of I.G., a minor.

3. I.G. is and was at all material times a minor child and resident of Munfordville, Hart County, Kentucky.

4. Plaintiff, Patrick Goodman, is and was at all material times an adult citizen and resident of Munfordville, Hart County, Kentucky.

5. Patrick Goodman is the father and Next Friend of I.G., a minor.

6. Defendant, Penske Truck Leasing Co., L.P. is a foreign limited partnership duly organized under the laws of the State of Delaware and conducting business in the Commonwealth of Kentucky.

7. Defendant, Penske Logistics, LLC is a foreign limited liability company duly organized under the laws of the State of Delaware and conducting business in the Commonwealth of Kentucky.

8. Defendant, Eric L. Klean, is and was at all material times an adult citizen and resident of Lebanon, Wilson County, Tennessee.

### JURISDICTION AND VENUE

9. The Western District of Kentucky has jurisdiction over the subject matter of and the parties to this action; further, the damages sought by Plaintiffs are in excess of the minimum jurisdictional limits.

## FACTUAL ALLEGATIONS

10. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 1 through 9 as if set forth in full herein.

11. Plaintiffs, Patrick and Angela Goodman, own real property located at 4359 Lonoke Road, Munfordville, Kentucky.

12. On or about April 9, 2022 at approximately 1:29 a.m., a vehicle owned by Defendant Penske Truck Leasing Co., L.P. and operated by Defendant Eric L. Klean, negligently left the roadway and impacted and penetrated the real property owned by Plaintiffs at 4359 Lonoke Road, Munfordville, Kentucky causing substantial property damage.

13. The real property located at 4359 Lonoke Road, Munfordville, Kentucky was impacted and penetrated by the vehicle on the south side of the real property, an area of the real property which contained a bedroom that was occupied by both Plaintiff Angela Goodman and the Plaintiffs' minor child, I.G.

14. The impact and penetration of the vehicle into the Plaintiffs' real property located at 4359 Lonoke Road, Munfordville, Kentucky, caused substantial property damage in excess of the minimum jurisdictional limits of the Court.

15. As a result of the impact, penetration, and damage to the real property located at 4359 Lonoke Road, Munfordville, Kentucky, all Plaintiffs have been displaced from their home, and are incurring additional costs in suitable replacement housing expense.

16. Further, as a result of the impact and penetration into the south side of the real property, which was an area of the real property which contained a bedroom that was occupied by both Plaintiff Angela Goodman and the Plaintiffs' minor child, I.G., I.G. has suffered personal injury in excess of the minimum jurisdictional limits of the Court.

17. The facts contained in the preceding paragraphs are not intended to be a complete recitation of the facts and/or tortious acts which are relevant to this Complaint.

## COUNT I - NEGLIGENCE OF DEFENDANT ERIC L. KLEAN
## PROPERTY DAMAGE

18. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 17 as if set forth in full herein.

19. At all material times, Defendant Eric L. Klean owed a duty of reasonable care to the Plaintiffs in the operation and control of a motor vehicle.

20. On or about April 9, 2022, Defendant Eric L. Klean breached his duty of reasonable care in the operation and control of a motor vehicle, causing the aforementioned property damage to Plaintiffs.

21. On or about April 9, 2022, Defendant Eric L. Klean was operating a motor vehicle inattentively, negligently, illegally, and/or recklessly. As a result of the negligent operation of the motor vehicle, Defendant Eric L. Klean lost control of the motor vehicle, causing the motor vehicle to leave the roadway and impact and penetrate the real property owned by Plaintiffs, causing substantial property damage.

22. As a direct and proximate result of the negligent and/or grossly negligent acts and conduct of Defendant Eric L. Klean, Plaintiffs have incurred extensive property damage in excess of the minimum jurisdictional requirements of this Court.

23. The negligence and/or gross negligence of Defendant Eric L. Klean in the use of a motor vehicle and/or his acts and/or his omissions being otherwise negligent are a direct and proximate cause of all damages suffered by the Plaintiffs, and/or are a substantial factor in causing same.

24. Defendant Eric L. Klean's conduct rises to the level of gross negligence as it evidences a reckless disregard for the lives and safety of others, including the Plaintiffs, which justifies an award for exemplary or punitive damages.

### COUNT II – NEGLIGENCE OF DEFENDANT ERIC L. KLEAN
### PERSONAL INJURY

25. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 24 as if set forth in full herein.

26. At all material times, Defendant Eric L. Klean owed a duty of reasonable care to the Plaintiffs in the operation and control of a motor vehicle.

27. On or about April 9, 2022, Defendant Eric L. Klean breached his duty of reasonable care in the operation and control of a motor vehicle, causing the aforementioned personal injury to Plaintiff I.G.

28. On or about April 9, 2022, Defendant Eric L. Klean was operating a motor vehicle inattentively, negligently, illegally, and/or recklessly.  As a result of the negligent operation of the motor vehicle, Defendant Eric L. Klean lost control of the motor vehicle, causing the motor vehicle to leave the roadway and impact and penetrate the real property owned by Plaintiffs.  The area in which the real property was penetrated contained a bedroom in which Plaintiff Angela Goodman and Plaintiff I.G. were sleeping.

29. As a direct and proximate result of the negligent and/or grossly negligent acts and conduct of Defendant Eric L. Klean, Plaintiff I.G. has incurred extensive medical expenses and will incur medical expenses in the future and has suffered and will suffer in the future, mental pain and suffering.

30. The negligence and/or gross negligence of Defendant Eric L. Klean in the use of a motor vehicle and/or his acts and/or his omissions being otherwise negligent are a direct and proximate cause of all damages suffered by the Plaintiffs, and/or are a substantial factor in causing same.

31. Defendant Eric L. Klean's conduct rises to the level of gross negligence as it evidences a reckless disregard for the lives and safety of others, including the Plaintiffs, which justifies an award for exemplary or punitive damages.

## COUNT III – VICARIOUS LIABILITY OF DEFENDANT PENSKE LOGISTICS LLC
## PROPERTY DAMAGE

32. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 31 as if set forth in full herein.

33. At all material times, Defendant Eric L. Klean was an agent and/or employee of Defendant Penske Logistics LLC, and/or their subsidiaries.

34. At all material times, Defendant Eric L. Klean was operating a motor vehicle on behalf of and in furtherance of the business interest Defendant Penske Logistics LLC, and/or their subsidiaries and had the express consent of Defendant Penske Logistics LLC, and/or their subsidiaries in operating said motor vehicle.

35. At all material times, Defendant Eric L. Klean was operating the motor vehicle in the scope of his agency and/or employment with Defendant Penske Logistics LLC, and/or their subsidiaries.

36. Defendant Penske Logistics LLC is vicariously liable for the negligence of Defendant Eric L. Klean.

37. As a direct and proximate result, Plaintiffs have incurred extensive property damage in excess of the minimum jurisdictional requirements of this Court.

**COUNT IV - VICARIOUS LIABILITY OF DEFENDANT PENSKE LOGISTICS LLC**
**PERSONAL INJURY**

38. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 37 as if set forth in full herein.

39. At all material times, Defendant Eric L. Klean was an agent and/or employee of Defendant Penske Logistics LLC, and/or their subsidiaries.

40. At all material times, Defendant Eric L. Klean was operating a motor vehicle on behalf of and in furtherance of the business interests of Defendant Penske Logistics LLC, and/or their subsidiaries and had the express consent of Defendant Penske Logistics, and/or their subsidiaries in operating said motor vehicle.

41. At all material times, Defendant Eric L. Klean was operating the motor vehicle in the scope of his agency and/or employment with Defendant Penske Logistics LLC, and/or their subsidiaries.

42. Defendant Penske Logistics LLC is vicariously liable for the negligence of Defendant Eric L. Klean.

43. As a direct and proximate result, Plaintiff I.G. has incurred extensive medical expenses and will incur medical expenses in the future and has suffered and will suffer in the future, mental pain and suffering.

### COUNT V – NEGLIGENT HIRING AND RETENTION OF DEFENDANT PENSKE LOGISTICS LLC
### PROPERTY DAMAGE

44. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 43 as if set forth in full herein.

45. Upon information and belief, Defendant Penske Logistics LLC knew or reasonably should have known that Defendant Eric L. Klean was unfit for the job for which he was employed.

46. Upon information and belief, Defendant Eric L. Klean's placement and continued retention as employee of Defendant Penske Logistics LLC created an unreasonable risk of harm to the Plaintiffs.

47. As a direct and proximate result, Plaintiffs have incurred extensive property damage in excess of the minimum jurisdictional requirements of this Court.

### COUNT VI – NEGLIGENT HIRING AND RETENTION OF DEFENDANT PENSKE LOGISTICS LLC
### PERSONAL INJURY

48. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 47 as if set forth in full herein.

49. Upon information and belief, Defendant Penske Logistics LLC knew or reasonably should have known that Defendant Eric L. Klean was unfit for the job for which he was employed.

50. Upon information and belief, Defendant Eric L. Klean's placement and continued retention as employee of Defendant Penske Logistics LLC created an unreasonable risk of harm to the Plaintiffs.

51. As a direct and proximate result, Plaintiff I.G. has incurred extensive medical expenses and will incur medical expenses in the future and has suffered and will suffer in the future, mental pain and suffering.

## COUNT VII – NEGLIGENCE OF DEFENDANT PENSKE TRUCK LEASING CO., L.P. PERSONAL INJURY AND PROPERTY DAMAGE

52. Plaintiffs incorporate by reference herein the allegations set forth in Paragraphs 10 through 51 as if set forth in full herein.

53. At all material times, Defendant Penske Truck Leasing Co., L.P. negligently entrusted Defendants Penske Logistics LLC and Defendant Eric Klean with the use of the vehicle it owned which ultimately caused the property damage and personal injury complained of herein.

54. As a direct and proximate result, Plaintiff I.G. has incurred extensive medical expenses and will incur medical expenses in the future and has suffered and will suffer in the future, mental pain and suffering.

55. As a direct and proximate result, Plaintiffs have incurred extensive property damage in excess of the minimum jurisdictional requirements of this Court.

**WHEREFORE**, the Plaintiffs, respectfully request and pray for the following relief:

1. Judgment against Defendant Eric L. Klean in an amount calculated to fairly and reasonably compensate Plaintiffs for their damages, including, but not limited to, an amount sufficient to meet the minimum jurisdictional requirements of this Court and to fairly compensate them for their damages, all incurred as a result of the Defendant Eric L. Klean's acts or omissions;

2. Judgment against Defendant Penske Truck Leasing Co., L.P. in an amount calculated to fairly and reasonably compensate Plaintiffs for their damages, including, but not limited to, an amount sufficient to meet the minimum jurisdictional requirements of this Court and to fairly compensate them for their damages, all incurred as a result of the acts or omissions of Defendant Penske Truck Leasing Co., L.P.;

3. Judgment against Defendant Penske Logistics LLC in an amount calculated to fairly and reasonably compensate Plaintiffs for their damages, including, but not limited to, an amount sufficient to meet the minimum jurisdictional requirements of this Court and to fairly compensate them for their damages, all incurred as a result of the acts or omissions of Defendant Penske Logistics LLC;

3. For a trial by jury on all issues;

4. For their costs herein expended; and

5. For all other necessary and proper relief to which they may appear entitled, including, but not limited to, punitive damages.

This the 21st day of December, 2023.

                BRODERICK & DAVENPORT, PLLC
                921 College Street – Phoenix Place
                PO Box 3100
                Bowling Green, KY  42102-3100
                Phone: (270) 782-6700
                Fax: (270) 782-3110

                /s/ David F. Broderick
                DAVID F. BRODERICK (07755)